36

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

MAY 0 9 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| MARIO GARCIA BOTELLO, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-98-180 |
| | § | |
| JANET RENO, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Petitioner Mario Garcia Botello's ("Mr. Botello") Motion for Award of Attorney's Fees, Costs and Expenses. (Docket No. 26). The Respondent, Janet Reno ("the government"), filed an Opposition to Petitioner's Motion for Attorney's Fees. (Docket No. 31). Petitioner then filed a Response to Respondent's Opposition to Attorney's Fees. (Docket No. 34).

## FACTS

The following facts are derived from the aforementioned motions. On December 14, 1998, Mr. Botello filed a petition for a Writ of Habeas Corpus and a request for injunctive relief. In his petition, Mr. Botello challenged the determination of the Immigration and Naturalization Service ("INS") that he was subject to mandatory detention for the duration of his deportation proceedings pursuant to § 236(c) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1226(c). Specifically, Mr. Botello argued that the statute limited mandatory detention only to those aliens convicted of certain crimes who were released from criminal custody after the effective date of the provision, October 9, 1998. Mr. Botello had been released from criminal custody prior to October 9, 1998, and thus argued that he was not subject to mandatory detention under the statute.

However, INS refused to release Mr. Botello because its interpretation of the statute was that it applied to all aliens convicted of the crimes listed in § 236(c), regardless of the date of their release from criminal custody. On July 13, 1999, INS changed its position and determined that the statute did not apply to any alien who had been released from criminal custody prior to the effective date of the statute (October 9, 1998). Further, INS conceded that these persons were eligible for consideration for an immigration bond determination. Mr. Botello then negotiated a bond with INS and he was released from mandatory detention on July 23, 1999. Mr. Botello moved for dismissal of this action and this case was dismissed on August 31, 1999.

## RECOMMENDATION

The Equal Access to Justice Act ("EAJA") provides that a Court has jurisdiction to award attorney's fees to the prevailing party in any civil action brought against the United States if the following four requirements are met: (1) the party is an individual whose net worth does not exceed $2,000,000.00, (2) the party prevailed in the action, (3) the position of the United States was not substantially justified, and (4) there are no special circumstances that render an award unjust. 28 U.S.C. § 2412(d)(1)(A).

In the case at hand, the first of the four requirements is met and the fourth requirement has not been argued by the United States, therefore this recommendation will focus only on the second and third requirements of the EAJA in order to determine whether Mr. Botello is entitled to receive attorney's fees.

### A. PREVAILING PARTY

According to the Fifth Circuit in *Milton v. Shalala,* 17 F.3d 812, 813 (5th Cir. 1994)(quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)), "'. . . a party prevails by succeeding on any

2

significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" This has been called the central-issue test. This test requires the Court to ask if the plaintiff's goal has been achieved. *Hennigan v. Ouachita Parish School Board*, 749 F.2d 1148, 1152 (5th Cir. 1985).

Once it has been determined that the plaintiff's goal has been achieved[1], the plaintiff must also show that the lawsuit caused the defendant to provide the relief the plaintiff was seeking. In order to illustrate that there was a causal connection between the lawsuit and the relief requested, ". . . the plaintiff must demonstrate that his suit was 'a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior.'" *Hennigan v. Ouachita Parish School Board*, 749 F.2d at 1152. The Fifth Circuit has stated that catalyst should be interpreted to mean that the plaintiff must show something more than, ". . . the relief requested occurred after the filing of the lawsuit." *Id.* at 1152. The Fifth Circuit instructs that a factual inquiry into the chronology of the events must be undertaken by a Court to assess whether the suit was a catalyst in attaining remedial action.[2] *Id.* at 1152.

Applying the standard of prevailing party status as defined by the Fifth Circuit to the facts of the instant case, it is clear that Mr. Botello has achieved the status of prevailing party. He met the first aspect of this standard because he succeeded on a significant issue in this litigation. As a matter

---

[1]  It must be noted that a plaintiff may still be found to be a "prevailing party", even if the case has been settled or has otherwise become moot before the Court renders a judgment on the merits. *Associated Builders & Contractors of Louisiana*, 919 F.2d 374, 377 (5th Cir. 1990).

[2]Once a plaintiff has shown that he succeeded on the central issue in the litigation and that the lawsuit caused the defendant to act, he has made a prima facie case that he is the prevailing party and is entitled to attorney's fees. A defendant can then contend that his conduct was a wholly gratuitous response to a lawsuit that lacked colorable merit. *Hennigan v. Ouachita Parish School Board*, 749 F.2d at 1153. In the instant case, the defendant makes no such claim, therefore this Court assumes that the plaintiff's claim is one of "colorable merit."

of fact, the only relief he sought was the right to be considered for release on bond or other conditions. He achieved this relief when the INS granted his release on bond July 23, 1999.

The second aspect of this standard, the lawsuit being a catalyst to the relief requested, has also been met by Mr. Botello. On December 14, 1998, Mr. Botello filed a Writ of Habeas Corpus and request for injunctive relief to challenge the determination of the INS that he was subject to mandatory detention for the duration of his deportation proceedings pursuant to § 236(c) of the INA. 8 U.S.C. § 1226(c). He argued that the statute did not apply to him because he had been released from criminal custody prior to October 9, 1998, and the statute only applied to those aliens who were convicted of certain crimes who were released from criminal custody after October 9, 1998. On October 6, 1998, an Immigration Judge found that Mr. Botello was eligible for release on bond, but because INS' interpretation of the statute was that it applied to all aliens convicted of crimes listed in § 236, it refused to release Mr. Botello on bond. However, the INS changed its interpretation of this statute in July of 1999 and in a newsletter dated July 12, 1999 stated that:

> In accordance with federal court decisions, the U.S. Immigration and Naturalization Service (INS) has changed its legal interpretation of the mandatory detention requirements of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Determined in consultation with the Department of Justice, the change is a result of several federal cases nation-wide which have successfully challenged the government's reading of the mandatory detention requirements of IIRIRA. (See Memorandum in Support of Plaintiff's Motion for Award of Attorney's Fees, Costs, and Expenses, Docket No. 26, Exhibit 3.)

After this change in policy, Mr. Botello was released on bond from mandatory detention on July 23, 1999. The case was then dismissed on August 31, 1999. The fact that this case was not actually litigated does not prevent Mr. Botello from acquiring a prevailing party status. On the contrary, because Mr. Botello's case was one of the cases the INS considered before making its policy change, Mr. Botello's lawsuit can be considered a catalyst to the relief he had requested. Thus, Mr. Botello

4

is considered a prevailing party in this matter because he obtained the relief he requested and because his lawsuit was a catalyst to receiving this relief.[3]

### B.  SUBSTANTIAL JUSTIFICATION

Even though Mr. Botello has acquired a prevailing party status, the government still has the opportunity to show that it had substantial justification for its position.  The Supreme Court in *Pierce v. Underwood*, 487 U.S. 552, 565 (1988),  held the test of whether or not a government action is substantially justified is essentially one of reasonableness.  The Fifth Circuit expanded on this test and stated in *Russell v. National Mediation Board*, 775 F.2d 1284, 1289 (5th Cir. 1985), that, "The reasonableness standard requires the government to establish that its position has a reasonable basis in both law and in fact.  Further, the government bears the burden of showing that its position was reasonable."  *Id*. at 1288.  In *Russell*, the facts were undisputed, therefore the Fifth Circuit only focused on whether the government's action had a reasonable basis in law.  The plaintiffs who had won an action against the National Mediation Board applied for award of attorney's fees under EAJA.  The Fifth Circuit held that the government's position was not substantially justified because the government had ". . . disregarded the terms of its governing statute and the case law interpreting that statute."  *Id*. at 1290.

---

[3]The government argues that there are three circumstances under which a plaintiff cannot acquire a prevailing party status. The first reason a plaintiff can not be conferred with a prevailing party status is if an intervening act of Congress dictated the agency action the plaintiff is seeking. This argument is not applicable in the case at hand because Congress clearly did not intervene in this matter, rather it was the agency that reversed its own policy.  The second argument the government puts forth is that a plaintiff can not acquire prevailing party status if the agency action is a gratuitous act of the defendant. "In other words, where the agency decides to change its own policy despite the fact that it is under no legal obligation to do so, a plaintiff does not acquire prevailing party status." (See Defendant's Opposition to Plaintiff's Motion, Docket No. 31, p. 7) This argument does not pass muster in the case at hand either, because thirteen federal courts had previously ruled that INS' interpretation of § 236(c) was incorrect. The final argument the government puts forth is that if the agency would have been inclined on its own accord to take the action the lawsuit is seeking, then a plaintiff is prevented from acquiring prevailing party status.  This is obviously not the case here because the government showed no inclination that it was going to change its interpretation of this section until the rulings from the federal courts were handed down.

CMPDF - www.fesisi.com

Mr. Botello's case can be analogized to *Russell,* in that in his case as well as in *Russell,* the facts are not in dispute, therefore it is only necessary for this Court to determine whether the government had a reasonable basis in law for its position . The following factors make it apparent that the government has not met its burden of showing it had a reasonable basis in the law for its position[4]: (1) the government disregarded the plain language of the statute, (2) the Immigration Judge found that Mr. Botello was eligible for release on bond, and (3) the government ignored the case law interpreting the statute until thirteen separate federal courts held that INS had interpreted § 236(c) incorrectly.  Thus, the government was not substantially justified in maintaining its position in Mr. Botello's case.

## AWARD DETERMINATION

Since Mr. Botello is a prevailing party, and since the government did not show it had substantial justification for its position, this Court finds that Mr. Botello is entitled to reasonable attorney's fees and costs.  28 U.S.C. § 2412(d)(1)(A).  Plaintiff's attorneys, Elaine Veatch Morely and Mary A. Kenney, submitted affidavits detailing their billable hours and expenses.  Ms. Morely devoted Sixty-Six (66) hours to this case and expended One Hundred Eighty Dollars and Forty Cents ($180.40) in costs.   Ms. Kenney devoted Ninety-Six and eight-tenths (96.8) hours and expended Eight Hundred Forty-Eight Dollars and Fifty Cents ($848.50) in costs. This Court finds that the time and costs expended to litigate this case are reasonable.

---

[4]The government argues that so long as it is ". . . advancing in good faith a novel but credible extension and interpretation of the law", then it has met its burden of showing  its position is substantially justified. (See Opposition to Petitioner's Motion for Attorney's Fees, Docket No. 31, p. 10.)  Although this argument would be a credible one based on the holding in *S & H Riggers & Erectors v. OSHA,* 672 F.2d 426, 430 (5th Cir. 1982), it is not applicable in the current case because the government continued to maintain its position despite the fact the numerous federal courts were holding that its interpretation of § 236(c) was incorrect.

6

In calculating the amount of attorney's fees to be awarded in a particular case, the EAJA statute states that attorney's fees shall not be awarded in excess of One Hundred Twenty-Five Dollars ($125) per hour unless the Court determines a cost of living adjustment is justifiable. 28 U.S.C. § 2412(d)(2)(A). This Court finds that a cost of living adjustment is justifiable and has determined that an hourly rate of One Hundred Thirty-Three Dollars and Forty-Two Cents ($133.42) shall be used to calculate the attorney's fees in this case. The increase in the One Hundred Twenty-Five Dollar ($125) hourly rate for the cost of living adjustment was calculated by using the Consumer Price Index as issued by the United States Department of Labor. Therefore, the total for attorney's fees is Twenty-One Thousand Seven Hundred Twenty Dollars and Seventy-Seven Cents ($21,720.77). Combining the total for attorney's fees with the total amount of money expended on costs ($1,028.90), the final award that the Court recommends Mr. Botello should receive is Twenty-Two Thousand Seven Hundred Forty-Nine Dollars and Sixty-Seven Cents ($22,749.67).

IT IS THEREFORE **RECOMMENDED** that Petitioner's Motion for Award of Attorney's Fees, Costs and Expenses be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 9th day of May, 2000.

John Wm. Black
United States Magistrate Judge

8